MICHAEL SMITH

v.

JOSIAH FORTH.

*Practice—Evidence.*

An objection to the admission of an account book in evidence can not be
first raised in this court.

[Opinion filed October 5, 1887.]

APPEAL .from the Circuit Court of White County; the Hon.
C. C. BOGGS, Judge, presiding.

Mr. Ross GRAHAM, for appellant.

No briefs were filed for appellee.

Reasons for affirming by WILKIN, J.    This is a very small
case growing out of a controversy over a saloon bill.    Appel-
lee sued appellant before a Justice of the Peace, and on appeal
to the Circuit Court (by which party does not appear), he
recovered judgment for the amount of his claim, $16.85, and
the case is again appealed to this court.

On looking into the record we find that the principal ground
relied on for a reversal is the admission of objectionable evi-
dence on behalf of appellee.    Appellee's bartender testified
that he kept a book of the items sold by himself and other
employes of appellee to appellant, which he produced, and the
items were without objection read to the jury.    On cross-
examination he stated that some of the items were rendered to
him by other bartenders, and that he knew nothing personally

as to their correctness.   The twenty items read to the jury aggregate the amount of the judgment below.   Appellant admitted that he got drinks at the bar of appellee for which he paid nothing, but claims that, by an arrangement previously made with appellee, he was to have them without charge. This appellee denies.   Appellant also swore that in no event could his bill exceed the sum of $3.00.   In rebuttal the account book kept by appellee's bartender was again offered in evidence and admitted without objection.   It is now urged that there was error in admitting the book, no sufficient foundation having been laid for its introduction.   It is a sufficient answer to this position to say that it can not be urged for the first time in this court.   No objection or exception appears to have been taken on the trial.   The book account, together with the testimony of the barkeeper, made a *prima facie* case for appellee, and it was for the jury to say whether it was overcome by the evidence of appellant.   We think the jury was fairly instructed as to the law of the case, and find no substantial cause for a reversal and further prolongation of this unprofitable litigation.

*Affirmed.*